1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9

10  RICHARD HAROLD LANDIS,

11          Plaintiff,

12      v.

13  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND
14  REHABILITATION, *et al.*,

15          Defendants.

16

17

18

Case No.  1:23-cv-01490-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE

(ECF No. 8)

**FOURTEEN (14) DAY DEADLINE**

19  **I.      Background**

20          Plaintiff Richard Harold Landis ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

21  *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

22          On March 4, 2024, the Court screened the complaint and found that it failed to comply

23  with Federal Rules of Civil Procedure 8, 18, and 20, failed to state a cognizable claim for relief,

24  and was filed prematurely without first exhausting Plaintiff's administrative remedies.  (ECF No.

25  8.)  The Court issued a screening order granting Plaintiff leave to file a first amended complaint

26  or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned

27  Plaintiff that the failure to comply with the Court's order would result in a recommendation for

28  dismissal of this action, with prejudice.  (*Id.* at 16.)  Plaintiff failed to file an amended complaint

1

1  or otherwise communicate with the Court, and the deadline to do so has expired.

2  **II.**    **Failure to State a Claim**

3        **A.**    **Screening Requirement**

4        The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9        A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16        To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22        **B.**    **Plaintiff's Allegations**

23        Plaintiff is currently housed at the California Institution for Men in Chino, California.

24  Plaintiff alleges the events in this action arose while Plaintiff was housed at California State

25  Prison in Corcoran, California ("Corcoran").  Plaintiff names the following defendants:

26  (1) California Department of Corrections and Rehabilitation, (2) John Doe 1, correctional officer,

27  (3) John Doe 2, correctional officer, (4) Lt. J. Barrios, (5) Moreno, third watch sergeant, A yard,

28  (6) Jane Doe, Nurse, on duty on 9/22/22 at 3:30 p.m. to 4:00 p.m. in the front medical window,

(7) S. Pena, correctional officer second watch A yard, 1-Block, (8) Wooden, correctional officer, second watch A yard, 1-Block, (9), Correctional officer Diaz, third watch, A-yard, 1-Block, (10) Hernandez, correctional officer, third watch tower officer, A-yard, 1 Block, (11) J. Torres (male), correctional officer, A-Yard, 1-Block.

In claim 1, Plaintiff alleges Eighth and Fourteenth Amendments violations for threat to safety, failure to protect, and negligence. Plaintiff alleges that on 9/22/22, Plaintiff was walking to get his diabetic shot. There were 4-5 correctional officers and inmates standing in front of the medical building. Inmates were standing in line for the medications. At approximately 3:30 p.m. to 4:00 p.m., an inmate was running toward Plaintiff yelling Plaintiff's name and that he wanted to talk to Plaintiff. Plaintiff kept walking. When Plaintiff was about 20 feet away from the office, the inmate named Hunter started to assault Plaintiff. Plaintiff fell to the ground and the inmates kept hitting Plaintiff. The officers did nothing to stop him from about 3:30 p.m. to about 4:00 p.m. (Plaintiff refers to video evidence). Plaintiff was able to get up and make it into the office, medical room. Two officers were there and saw blood running down Plaintiff face and asked Plaintiff what happened. Plaintiff told the correctional officer, John Doe 1, that Plaintiff was assaulted. Plaintiff pointed out who the inmate was. Plaintiff told the officer that the inmate will attack Plaintiff again. The other officer, John Doe 2, also saw the blood and heard Plaintiff tell the first officer that Plaintiff was assaulted and Plaintiff told the officer that this same inmate will harm Plaintiff again if Plaintiff has to go back out. They both did nothing; the nurse as well, Jane Doe 3. Jane Doe 3 witnessed the assault because she told the officers who the inmate was who assaulted plaintiff. They had Plaintiff go back to yard, and Plaintiff got assaulted again by the same inmate. Plaintiff refers to a video.

The inmate who assaulted Plaintiff was paid to do so by inmate John Howell who was told by correctional officer Pena. Plaintiff even pointed out the inmate who had assaulted him when Plaintiff was in the medical office and both of the officers inside the medical department did nothing to prevent Plaintiff from getting assaulted.

Plaintiff was injured on his head, had a concussion, and was transferred to administrative segregation.

1    In claim 2, Plaintiff alleges Eighth, Fourteenth, and First Amendments violations for

2    disciplinary proceedings, threat to safety, failure to protect, and retaliation.  On 8/14/22,

3    correctional officer F. Sierra who worked as an S&E officer and for Lt. J. Barrios, came into the

4    Block Plaintiff was in and was yelling at Plaintiff to hang up the phone.  Plaintiff did.  He was

5    then yelling at all the inmates to lock it up.  Plaintiff asked if he could rinse off.  He said yes,

6    make it quick. He then went around the block and no one was listening to him.  He saw Plaintiff

7    standing by the shower and yelled at Plaintiff again. He said what are you doing there, and

8    Plaintiff said getting a shower.  He then slammed the shower door on inmates getting out, locked

9    him in there, yelled at Plaintiff again and Plaintiff said why are you on my bumper, Sierra.  He

10   then starting yelling to the tower officer to hit his alarm and Plaintiff said he wanted to go to his

11   cell.

12   Four days later "we talked about it and chalked it up to a misunderstanding."  Eight days

13   later, Plaintiff gets an RVR stating that Plaintiff delayed count. It did not say that Plaintiff

14   disrespected Sierra.  He even asked Plaintiff if Plaintiff can find out who has cell phones in the

15   Block, and who brings drugs in.  He told Plaintiff on 8/19/22 that he will not write Plaintiff up as

16   long as Plaintiff got him this information.  Sierra falsified paper work and put Plaintiff's life in

17   jeopardy.

18   Plaintiff got assaulted due to F.Sierra telling inmates that Plaintiff was a confidential

19   source.  Plaintiff lost a chance at parole due to the RVR and wrote the RVR out of retaliation to

20   gain favor with other officers.

21   In claim 3, Plaintiff alleges failure to protect and disciplinary proceedings.  On 9/8/22,

22   Plaintiff was called into the program office.  Lt. Barrios told Plaintiff he had an RVR hearing that

23   Plaintiff received on 8/14/22.  Plaintiff was not given an opportunity to gather witnesses, or

24   evidence.  Plaintiff was never told he got an investigative employee or Plaintiff's rights. Plaintiff

25   told Lt. Barrios that he was not guilty and that he was not ready for a hearing. Plaintiff told Lt.

26   Barrios that he would write up the information that Sierra wanted from him if Barrios would

27   dismiss the write up, and Barrios told Plaintiff to go write it down.  Plaintiff came back with the

28   information the next day.  The next thing Plaintiff knew was that the information got out to the

4

1  yard, and inmates were hitting Plaintiff and said that F. Sierra told them that Plaintiff had

2  snitched.  Then on 9/22/22, Plaintiff got assaulted by an inmate who said Plaintiff was a snitch.

3  Lt. Barrios leaked out the information.

4      Plaintiff also alleges state law claims for negligence and personal injury based on these

5  events.

6      As remedies, Plaintiff seeks for Lt. Barrios to be terminated, along with other defendants,

7  and seeks damages.

8      **C.    Discussion**

9      Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20

10  and fails to state a cognizable claim under 42 U.S.C. § 1983.

11      **1.    Federal Rule of Civil Procedure 8 and Linkage**

12      Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

13  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

14  are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

16  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

17  its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

18  are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

19  572 F.3d at 969.

20      Here, Plaintiff's complaint is relatively short.  It is not a plain statement of his claims

21  showing that he is entitled to relief.  Many of Plaintiff's allegations are conclusory, do not state

22  what happened, when it happened, or which defendant was involved.  General assertions

23  regarding who knew what about Plaintiff are not sufficient, and Plaintiff may not merely state the

24  elements of a cause of action without providing any factual allegations in support of his claims.

25  Further, Plaintiff improperly joins claims and the jumble of references are confusing.

26      In addition, Section 1983 plainly requires that there be an actual connection or link

27  between the actions of the defendants and the deprivation alleged to have been suffered by

28  Plaintiff. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

5

(1976).  Plaintiff fails to link any defendant who did not stop the attack outside the medical department on 9/22/22.  Plaintiff fails to link Defendants Moreno, Pena, Wooden, Diaz, Hernandez and Torres to any alleged constitutional violation.  Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants of being "responsible" for that deprivation.

### 2.       Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not state unrelated claims for failure to protect, disciplinary proceedings, being called a snitch, being forced to snitch, etc.  Unrelated claims involving multiple defendants belong in different suits.  The complaint is a series of multiple incidents which happened while Plaintiff was housed at Corcoran; merely because Plaintiff was housed at Corcoran when the incidents occurred does not make every injury or incident related.  Separate unrelated claims must be filed in separate lawsuits.

### 3.       Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S.

1    at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City*

2    *of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.

3    2002). "A supervisor may be liable only if (1) he or she is personally involved in the

4    constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's

5    wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th

6    Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. &*

7    *Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.,* 693 F.3d 896, 915–16

8    (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt

9    personal participation in the offensive act if supervisory officials implement a policy so deficient

10   that the policy itself is a repudiation of constitutional rights and is the moving force of a

11   constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646

12   (9th Cir. 1989)) (internal quotation marks omitted).

13                    **4.      Eleventh Amendment Immunity**

14         The Eleventh Amendment bars suits for money damages in federal court against a state,

15   its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public*

16   *Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal

17   courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against

18   a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid

19   congressional override...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The

20   Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an

21   arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of*

22   *Lodi, Cal*., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert.

23   denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment

24   immunity with respect to claims brought under § 1983 in federal court...." *Dittman*, 191 F.3d at

25   1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v.*

26   *Cal. Dep't. of Corrs*., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of

27   Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

28   ///

                                                    7

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the State, CDCR, or Corcoran in this action.

### 5.   Fourteenth Amendment – Due Process

#### a.   Due Process and Disciplinary Hearing

It appears Plaintiff claims Due Process violations for being falsely accused of conduct and possibly, for resulting disciplinary hearings for "write-ups" and possible conviction.

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia,* 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for the purportedly false accusations.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly

8

hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary actions failed to comply with the *Wolff* elements.  *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995) (*Wolff* factors are considered for discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.)  It does not appear Plaintiff was convicted at the disciplinary proceeding with Lt. Barrios. Plaintiff will be granted leave to amend.

b.      *Heck* Bar

To the extent Plaintiff was convicted of disciplinary charge(s), Plaintiff fails to state a claim. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily

9

1     demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

2            Plaintiff's damage allegations may implicate the validity of his confinement. However,

3     Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the

4     conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

5     invalid by a state tribunal authorized to make such determination, or called into question by a

6     federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

7                              c.      No Right to Early Parole

8            Plaintiff cannot maintain a due process claim, or any other claim, based on denial of early

9     parole consideration, because he has no protected property interest in parole. There is no right

10    under the U.S. Constitution to be conditionally released before the expiration of a valid sentence.

11    *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *see also Greenholtz v. Inmates of Neb. Penal &*

12    *Corr. Complex*, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows

13    that there is no constitutional right to parole consideration. *See Fernandez v. Nevada*, No. 3:06-

14    CV-00628 LRH-RA, 2008 U.S. Dist. LEXIS 131876, 2009 WL 700662, at *10 (D. Nev. Mar. 13,

15    2009).  And where there is no liberty interest in parole eligibility or parole, there can be no due

16    process violation.  *Id.*

17                      **6.       Eighth Amendment – Failure to Protect**

18           The Eighth Amendment requires that prison officials take reasonable measures to

19    guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison

20    officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833;

21    *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040

22    (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629

23    F.2d 637, 642 & n.3 (9th Cir. 1980).

24           The failure of prison officials to protect inmates from attacks by other inmates or from

25    dangerous conditions at the prison violates the Eighth Amendment when two requirements are

26    met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

27    subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison

28    official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health

                                            10

1    or safety by failing to take reasonable steps to abate it. *Id*. at 837.

2          A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials

3 only where the officials acted with "deliberate indifference" to the threat of serious harm or injury

4 to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also

5 *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor

6 that prisoner is snitch may state claim for violation of right to be protected from violence while in

7 state custody), or by physical conditions at the prison. The official must both be aware of facts

8 from which the inference could be drawn that a substantial risk of serious harm exists, and he

9 must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an

10 inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

11          Plaintiff does not state cognizable claims against the Defendants. Plaintiff fails to link any

12 officer who failed to stop the attack outside of the medical officer.  Plaintiff may be able to state a

13 claim against John Does 1 and 2, but this claim is improperly joined. Further, the allegations are

14 too vague for the Court to understand how Defendant Jane Doe 3 failed to protect Plaintiff when

15 the officers sent Plaintiff back to the yard from the medical office.  In addition, while Plaintiff

16 says that Defendants J. Barrios and Sierra leaked that Plaintiff was a snitch, Plaintiff fails to state

17 factual support for this claim and his allegations are conclusory.  Moreover, this claim is

18 improperly joined with unrelated claims.

19             **7.**      **Title 15 and Policy Violation**

20          To the extent that any Defendant has not complied with applicable state statutes or prison

21 regulations for failure to follow procedures, these deprivations do not support a claim under

22 §1983. Section 1983 only provides a cause of action for the deprivation of federally protected

23 rights. *See e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the

24 California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580

25 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal

26 constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–

27 12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right

28 of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if

1    they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D.

2    Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of

3    the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW

4    (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of

5    action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-

6    00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation

7    adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022)

8    (same).

9                    **8.    State Law Claims**

10        To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that

11   the California Government Claims Act requires that a tort claim against a public entity or its

12   employees be presented to the California Victim Compensation and Government Claims Board

13   no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2,

14   945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are

15   conditions precedent to suit. *State v. Superior Court of Kings County (Bodde),* 32 Cal.4th 1234,

16   1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal. 4th 201, 209 (2007). To state a

17   tort claim against a public employee, a plaintiff must allege compliance with the California Tort

18   Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244. "[F]ailure to allege facts

19   demonstrating or excusing compliance with the requirement subjects a complaint to general

20   demurrer for failure to state a cause of action." *Bodde*, 32 Cal. 4th at 1239.

21        Plaintiff does not allege that he has complied with the Government Claims Act.

22        To the extent Plaintiff is attempting to assert state law claims, the Court declines to screen

23   them in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C.

24   § 1367(a), in any civil action in which the district court has original jurisdiction, the "district

25   courts shall have supplemental jurisdiction over all other claims that are so related to claims in the

26   action within such original jurisdiction that they form part of the same case or controversy under

27   Article III of the United States Constitution," except as provided in subsections (b) and (c). The

28   Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims

should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

### 9.    First Amendment – Retaliation

It is unclear what Plaintiff's First Amendment Retaliation claim is.  Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "[T]he mere threat of harm can be an adverse action. . . ." *Brodheim*, 584 F.3d at 1270. A plaintiff must plead facts showing that their "protected conduct was the substantial or motivating factor behind the defendant's conduct." *Id.* at 1271. To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff fails to state a cognizable claim.  Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff's allegations are conclusory as to any protected conduct he in engaged in and fails to allege he engaged in protected conduct. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal.

### 10.    Failure to Exhaust Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211

1   (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required

2   regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

3   *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits

4   relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

5          In his complaint, Plaintiff concedes his administrative grievances are pending. In all three

6   claims, Plaintiff checks the boxes that the highest level was exhausted, but then Plaintiff wrote in:

7   "it is currently in Sacramento," "it's pending," and "being investigated."  The incidents were in

8   August and September 2022.

9          Based on the information in the complaint, it appears Plaintiff filed suit prematurely

10  without first exhausting his administrative remedies in compliance with the PLRA, section

11  1997e(a). *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a

12  failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a

13  claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181,

14  at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached

15  exhibits that a plaintiff did not exhaust his available administrative remedies before commencing

16  an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of

17  Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and

18  dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust

19  administrative remedies prior to filing suit).

20  **III.**     **Failure to Prosecute and Failure to Obey a Court Order**

21          **A.**     **Legal Standard**

22          Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

23  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

24  within the inherent power of the Court."  District courts have the inherent power to control their

25  dockets and "[i]n the exercise of that power they may impose sanctions including, where

26  appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

27  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

28  failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

14

1    F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

2    963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

3    amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

4    (dismissal for failure to comply with court order).

5         In determining whether to dismiss an action, the Court must consider several factors:

6    (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

7    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

8    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

9    F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

10        **B.    Discussion**

11        Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

12   Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

13   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

14        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

15   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

16   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

17   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

18   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

19   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

20   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

21   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

22        Finally, the Court's warning to a party that failure to obey the court's order will result in

23   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

24   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's March 4, 2024 screening

25   order expressly warned Plaintiff that his failure to file an amended complaint would result in a

26   recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

27   for failure to state a claim.  (ECF No. 8, p. 16.)  Thus, Plaintiff had adequate warning that

28   dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2024**                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE

16