1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HAROLD LANDIS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*,<br><br>Defendants. | Case No.  1:23-cv-01490-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Richard Harold Landis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 28 U.S.C. § 1983.

On September 2, 2025, the Court ordered that this action proceed on Plaintiff's first amended complaint against Defendants John Doe 1 and John Doe 2, correctional officers, for failure to protect in violation of the Eighth Amendment.  (ECF No. 20.)  However, on September 3, 2025, the Court found that service was not appropriate for Defendants John Doe 1 and John Doe 2 because the U.S. Marshal could not serve a Doe Defendant.  The Court indicated that before it ordered the U.S. Marshal to serve the Doe Defendants, Plaintiff would be required to identify them with enough information to locate the defendants for service of process. Accordingly, the Court ordered Plaintiff to file a motion to substitute the identities of Defendants John Doe 1 and John Doe 2 that provided the Court with enough information to locate them for

1

1  service of process within ninety days from the date of service of the order.  (ECF No. 21.)  The

2  Court's September 2, 2025, and September 3, 2025 orders, which were served on Plaintiff via

3  mail, were returned as "Undeliverable, Death" on September 15, 2025.  Consistent with Local

4  Rule 183(b), the deadline for Plaintiff to update his address with the Court was October 15, 2025.

5  That deadline has now passed, and Plaintiff (or Plaintiff's representative) has not responded.

6        Although Federal Rule of Civil Procedure 25 permits a decedent's successor or

7  representative to file a motion for substitution within ninety days of service of a statement noting

8  the death, adherence to that procedure is not feasible in this case. To trigger the ninety-day period

9  for filing a motion for substitution, the suggestion of death must be served upon a non-party

10  successor or representative of the deceased party in accordance with Rule 4. *Barlow v. Ground*,

11  39 F.3d 231, 233 (9th Cir. 1994). The burden of serving successors or representatives is placed on

12  the "suggesting party." *Id.* at 233. There is no "suggesting party" in this case.  Instead, Plaintiff's

13  death has come to the Court's attention through a notice on the returned mail. No defendants have

14  been served or formally appeared in this action. There are also no other parties who could identify

15  successors or representatives of the deceased party and effectuate service of a statement noting

16  death. *See Thomas v. Stringer*, No. 1:22-cv-00174 KES GSA (PC), 2025 WL 249113, at *2 (E.D.

17  Cal. Jan. 21, 2025) (finding adherence to Rule 25 not feasible where court notified of plaintiff's

18  death on returned envelope and defendant had not been served or formally appeared in the

19  action).

20        In similar circumstances, the district court has dismissed for failure to prosecute.  *See*

21  *Billie v. Gipson*, No. 1:23-cv-00985-NODJ-EPG (PC), 2024 WL 811698, at *1 (E.D. Cal. Feb.

22  27, 2024), report and recommendation adopted, No. 1:23-cv-00985-KES-EPG (PC), 2024 WL

23  1484019 (E.D. Cal. Apr. 5, 2024).  For example, in *Billie*, the court was notified of the plaintiff's

24  death through a notice on the returned envelope and no defendants had been served or formally

25  appeared in the action.  *Id.* at *1.  In that circumstance, the court found that adherence to Rule

26  25's procedure was not feasible and concluded that dismissal for failure to prosecute was

27  appropriate.  *Id.*   The Court similarly finds that dismissal for failure to prosecute is appropriate

28  here.

1    "In determining whether to dismiss an action for lack of prosecution, the district court is

2    required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

3    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

4    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

5    sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and

6    citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re*

7    *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

8    These factors guide a court in deciding what to do and are not conditions that must be met in

9    order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

10    Here, Plaintiff appears to be deceased, and there are no available parties who could

11    identify successors or representatives of Plaintiff and effectuate service of a statement noting

12    death in order to advance or further this case. The case may not simply remain idle on the

13    Court's docket. Thus, the Court finds that both the first and second factors weigh in favor of

14    dismissal.

15    The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

16    presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

17    *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

18    The fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal

19    because there are no feasible alternatives. As discussed above, adherence to the Rule 25

20    procedure is not feasible, and there is no party before the Court who could identify successors or

21    representatives of the deceased Plaintiff and effectuate service of a statement noting death. Thus,

22    the lack of meaningful alternatives weighs in favor of dismissal. *See Spengler v. CDCR*, No.

23    1:24-CV-00817-KES-SAB (PC), 2025 WL 1720248, at *2 (E.D. Cal. June 20, 2025) (finding

24    lack of meaningful alternatives where court notified of plaintiff's death by returned mail and there

25    was no party before the court who could identify successors or representatives of the deceased

26    plaintiff and effectuate service of a statement noting death).

27    Although public policy favors deciding cases on the merits, this factor does not outweigh

28    the other factors. Therefore, dismissal of this action is warranted. *See Yourish v. California*

3

*Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (explaining dismissal appropriate where supported by four factors, or strongly supported by three factors).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __October 16, 2025__        ___/s/ *Barbara A. McAuliffe*___
                                     UNITED STATES MAGISTRATE JUDGE

4